| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IX | | |
| IVONNE M. VARGAS DÍAZ<br><br>Recurrida<br><br>V.<br><br>GILBERT FERNÁNDEZ MORELL<br><br>Recurrente | KLRA202500307 | Revisión procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: CAG-2023-0005606<br><br>Sobre: Ley Núm. 5 de 23 de abril de 1973 (Ley Orgánica de DACO) |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 16 de junio de 2025.

El Sr. Gilbert Fernández Morell (señor Fernández Morell o recurrente) presentó, por derecho propio, un recurso de revisión administrativa, en el que solicitó que revisáramos una *Resolución* emitida el 2 de abril de 2025 y notificada el 4 de abril de 2025 por el Departamento de Asuntos del Consumidor (DACo).[1] En la referida determinación, el DACo declaró Ha Lugar una *Querella* instada por la señora Ivonne M. Vargas Díaz (señora Vargas Díaz o recurrida) en relación con una obra de reparación eléctrica que el recurrente realizó en su vivienda. Además, el Foro recurrido ordenó el pago de tres mil ochocientos sesenta dólares ($3,860.00) como remedio para la señora Vargas Díaz.

En desacuerdo, el 21 de abril de 2025, el señor Fernández Morell solicitó una reconsideración, la cual el DACo declaró No Ha Lugar mediante una *Resolución en Reconsideración* emitida el 25 de abril de 2025 y notificada el 26 de abril de 2025.

---

[1] Hacemos constar que, a pesar de que el término para radicar este recurso venció el 27 de mayo de 2025, el recurrente disponía de tres (3) días adicionales para presentar su solicitud, ya que la *Resolución en Reconsideración* se notificó por correo postal. Véase Regla 68.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.3. Por tanto, el recurso, presentado el 28 de mayo de 2025, fue presentado dentro del término jurisdiccional para ello.

Se adelanta la desestimación del recurso por craso incumplimiento con el Reglamento de este Tribunal, 4 LPRA Ap. XXII-B.

De conformidad con la Regla 7 (B) (5) del Reglamento de este Tribunal, *supra*, R. 7, prescindimos de la comparecencia de las partes con interés en este caso para lograr el más justo y eficiente despacho.

## I.

### Revisión Judicial

La Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, R. 59, dispone que un recurso de revisión judicial deberá incluir, entre otros, una relación fiel y concisa de los hechos procesales e importantes del caso; un señalamiento y una discusión de los errores atribuidos al organismo recurrido, incluyendo las disposiciones legales aplicables, y una súplica. A su vez, debe contener un apéndice con una copia literal de las alegaciones de las partes, a saber, la querella y las contestaciones de las demás partes; el dictamen administrativo objeto del recurso; toda moción, resolución u orden que acredite la interrupción y reanudación del término para presentar el recurso y cualquier otro documento que forme parte del expediente original administrativo que le pueda ser útil a este Tribunal para la resolución de la controversia.

**"[E]l craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente[,] privando de jurisdicción al foro apelativo"**. *Morán v. Marti*, 165 DPR 356 (2005). (Énfasis nuestro). Pues, la parte recurrente tiene la obligación de poner en posición a este Foro apelativo para aquilatar y justipreciar el error anotado mediante un expediente completo y claro de las controversias. *Íd.*; *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013).

Por último, es menester puntualizar que el hecho de que una parte comparezca por derecho propio, por sí solo, no justifica su

incumplimiento con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

**II.**

Luego de una evaluación sosegada del expediente ante nuestra consideración, concluimos que carecemos de jurisdicción para atender el recurso presentado por el señor Fernández Morell.

El recurrente incumplió crasamente con el Reglamento de este Tribunal, *supra*, al presentar un recurso de escasamente dos (2) páginas sin exponer una relación fiel y concisa de los hechos importantes del caso y sin señalar ni discutir los errores imputados al DACo. Al carecer de señalamiento de error, este Foro desconoce el aspecto especifico de la controversia que el recurrente pretendía que resolviéramos.

Más aún, el señor Fernández Morell presentó una solicitud de revisión judicial huérfana de los documentos importantes que constituyeron el expediente administrativo y que eran imprescindibles para ponernos en posición de aquilatar la controversia. A saber, el expediente ante nos no contiene la *Querella* presentada por la señora Vargas Díaz y la transcripción de la vista administrativa celebrada en el DACo. Es decir, carecemos de forma de evaluar la apreciación de la prueba desfilada en el proceso administrativo.  Lo anterior abonó que el recurso no se perfeccionara y que este Foro contara con un expediente completo y claro que nos permita conocer el tracto procesal del caso y la controversia que se nos solicitó atender.

 Resulta pertinente reiterar que el hecho de que el recurrente haya comparecido por derecho propio por sí solo no justifica su incumplimiento con nuestras reglas. Véase *Febles v. Romar, supra.*

Por lo anterior, este Tribunal carece de jurisdicción para atender la solicitud de revisión administrativa del recurrente. En

consecuencia, desestimamos el presente recurso, a tenor con la Regla 83 del Reglamento de este Tribunal, *supra,* R. 83.

**III.**

Por las razones que anteceden, se desestima el recurso presentado por el señor Fernández Morell.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones